IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EDIXON ALIRIO VALERA-MARIN,

      Petitioner,

v.                                  No. 2:25-cv-00914-KG-GBW

TODD M. LYONS, et al.,

      Respondents.

**<u>MEMORANDUM OPINION AND ORDER</u>**

      This matter is before the Court on Edixon Alirio Valera-Marin's Petition for a Writ of Habeas Corpus, Doc. 2, and the Government's Motion to Dismiss Petitioner's Writ of Habeas Corpus, Doc. 7.   For the reasons below, the Court grants the motion, Doc. 7, and denies the petition, Doc. 2.

*I.*      *Background*

      Mr. Valera-Marin, a Venezuelan national, presented himself at a United States port of entry on August 18, 2023, and was detained as inadmissible pending expedited removal.  Doc. 7 at 2.  He claimed asylum.  *Id.*  After an immigration judge ("IJ") made a positive credible fear determination, DHS released Mr. Valera-Marin from custody in November 2023.  *Id.*  On February 13, 2025, Immigration and Customs Enforcement ("ICE") arrested Mr. Valera-Marin at a routine check-in.[1]  Doc. 2 at 4.  ICE "arrested Mr. Valera-Marin on the grounds that [he] was

---

[1] Revocation of discretionary parole occurs "upon written notice to the [noncitizen]."  8 C.F.R. § 212.5.  Mr. Valera-Marin did not receive written notice of revocation until October 23, 2025, after more than eight months in custody and a month after this case was filed.  Doc. 21.  The Government conceded this error at the November 13, 2025, evidentiary hearing.  On the facts of this case, the Court finds the prejudice to Mr. Valera-Marin has been cured.  Even so, the Court admonishes the Government and reminds them of their notice obligations.

engaged in criminal activity and a member of Tren de Aragua" and "revoked his discretionary parole." Doc. 2 at 4; *see* Doc. 7 at 2. On May 20, Mr. Valera-Marin filed a request with ICE for release on parole. Doc. 2 at 4. ICE did not respond. *Id.* On June 27, an IJ denied Mr. Valera-Marin's asylum claim and ordered him removed but granted withholding of removal to Venezuela under § 241(b)(3) of the Immigration and Nationality Act ("INA"). Doc. 7 at 3. Mr. Valera-Marin appealed the order to the Board of Immigration Appeals ("BIA"). *Id.* That appeal remains pending. *Id.* He is currently held pending removal at the Otero County Processing Center under 8 U.S.C. § 1225(b). *Id* at 2–3.

Mr. Valera-Marin filed this habeas petition under 28 U.S.C. § 2241 on September 23. Doc. 2. He argues that his "continued detention without bond or parole violates substantive due process" and that his continued detention "over 180 days" violates "his procedural due process rights." *Id.* at 4, 5. Mr. Valera-Marin asks the Court to "order [his] immediate release; or in the alternative, order Respondents to hold a custody hearing before an IJ and direct the IJ to assert jurisdiction over Mr. Valera's bond hearing." Doc. 2 at 10.

The Government moved to dismiss the petition arguing that (1) the Court lacks subject matter jurisdiction under 8 U.S.C. § 1225, (2) Mr. Valera-Marin's due process rights have not been violated, and (3) there is no "constitutional right to a bond review" under § 1225. Doc. 7 at 1, 2. Mr. Valera-Marin responded to the Government's motion. Doc. 12. The Court held a status conference on November 3, and an evidentiary hearing on November 13.

II.    *Standard of Review*

Federal courts have jurisdiction to review habeas petitions filed by noncitizen detainees alleging "custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). "[H]abeas relief is

available only in the district of confinement." *Gamez Lira v. Noem*, 2025 WL 2581710, at *2 (D.N.M.).

When "an applicant for admission" is "seeking admission" and "not clearly and beyond a doubt entitled to be admitted," the noncitizen "shall be detained" for removal proceedings. 8 U.S.C. § 1225 (b)(2)(A). This provision affords no bond hearing. *See Salazar v. Dedos*, 2025 WL 2676729, at *3 (D.N.M.). Noncitizens detained under § 1225 may be paroled at the "discretion" of the "Secretary of Homeland Security." 8 U.S.C. § 1182(d)(5)(A). Such parole, however, "shall not be regarded as an admission." *Id.* When "the purposes of such parole" are satisfied "in the opinion of the Secretary of Homeland Security," the noncitizen "shall forthwith return or be returned to the custody from which he was paroled." *Id.* The noncitizen then will "continue to be dealt with in the same manner as that of any other applicant for admission to the United States." *Id.* The Secretary has discretion to grant or revoke parole "on a case-by-case basis." *Id.*

If a noncitizen detained under § 1225 is subject to an order for expedited removal, a district court's § 2241 habeas inquiry is limited to whether (1) the petitioner is a noncitizen; (2) a § 1252(b)(1) removal order was issued; and (3) the petitioner can demonstrate that they are a lawful permanent resident, refugee, or asylee. 8 U.S.C. § 1252(e)(2); *see Vaupel v. Ortiz*, 244 Fed. Appx 892, 894 (10th Cir. 2007); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020) (finding no due process violation by statutory limitation of habeas proceedings arising from § 1225 detention). Consideration of whether a noncitizen was in fact ordered removed is limited to "whether such an order was in fact issued and whether it relates to the petitioner." *Id.* at 895; *see* 8 U.S.C. § 1252(e)(2)(A)–(C). There is no jurisdiction to review

"any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1)."  8 U.S.C. § 1252(a)(2)(A)(i).

A noncitizen's detention status transitions to the administrative "removal period" of § 1231 on the latest of three events:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order.
>
> (iii) If the [noncitizen] is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(A).  A removal order is administratively final for purposes of § 1231 detention "once the BIA has reviewed the order (or the time for seeking the BIA's review has expired)."  *Johnson v. Guzman Chavez*, 594 U.S. 523, 534 (2021).

### III.    *Analysis*

For the reasons below, (A) the Court has jurisdiction over Mr. Valera-Marin's habeas petition and (B) Mr. Valera-Marin's § 1225 detention as an "arriving [noncitizen]" is lawful. The Government's motion, Doc. 7, is therefore granted, and Mr. Valera-Marin's habeas petition, Doc. 2, is denied.

### A.    *The Court has jurisdiction over Mr. Valera-Marin's habeas petition.*

At the threshold, the Government is incorrect that the Court "does not have subject matter jurisdiction to review this matter."  Doc. 7 at 11.  The Court has jurisdiction over Mr. Valera-Marin's petition under § 2241 to the extent permitted by § 1252(e)(2).  *Zadvydas*, 533 U.S. at 687.  The Court therefore considers the merits of the habeas petition.

B.    *Mr. Valera-Marin's § 1225 detention is lawful.*

The Court agrees with the Government that "Petitioner's limited due process rights have been met." Doc. 7 at 11. When Mr. Valera-Marin "presented himself at the port of entry on August 18, 2023," Doc. 2 at 4, he did not have valid entry documents and was accordingly detained pending expedited removal under § 1225. Doc. 7 at 3. He was paroled under § 1182, but that discretionary parole was revoked, thus returning him to his previous status under § 1225 pending expedited removal. *Id.* Because of his § 1225 detention, the Court's habeas inquiry is limited under 8 U.S.C.A. § 1252 (e)(2); *see Vaupel v. Ortiz*, 244 Fed. Appx 892, 894 (10th Cir. 2007).

Mr. Valera-Marin's detention is valid under § 1252(e)(2)'s limited inquiry. First, Mr. Valera-Marin, as a Venezuelan national, is a noncitizen under the statute. Second, he ordered removed on June 27, 2025, after his arrest and parole revocation. Doc. 7 at 3. Third, he fails to demonstrate that he is a lawfully admitted permanent resident, refugee, or asylee. In fact, he "does not challenge his removal or his actual inadmissibility." Doc. 12 at 7.

Mr. Valera-Marin argues that "[e]ven assuming detention under § 1225(b) was initially lawful, it cannot be indefinite or unreviewed." Doc. 12 at 11. He cites *Zadvydas* to argue that his "post-removal detention beyond six months becomes unreasonable." *Id.* Mr. Valera-Marin misapplies *Zadvydas* to this case. *Zadvydas* involved detention lasting more than six months after a final removal order placed the noncitizen into § 1231's "removal period." 533 U.S. 678 at 682. In contrast, Mr. Valera-Marin concedes that his "removal order is not final." Doc. 12 at 4. *Zadvydas* is therefore inapposite. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 534 (2021). His detention remains lawful.

*IV.*    *Conclusion*

The Government's Motion to Dismiss Petitioner's Writ of Habeas Corpus, Doc. 7, is

granted, and Mr. Valera-Marin's Petition for a Writ of Habeas Corpus, Doc. 2, is denied.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.  Electronically filed documents can be found on the Court's PACER public access system.